THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Amanda Sisk, a/k/a Amanda Hunter, Jeffrey Sisk, David Motts, and John Doe, whose true name is unknown, and the minor children under the age of eighteen (18) years: Austin Sisk (DOB: 11/18/90) / Corey Sisk (DOB: 08/22/92) / Destynie Stapleton (DOB: 11/17/01), Defendants,
 of whom Amanda Sisk, a/k/a Amanda Hunter is Appellant.
 
 
 

Appeal From Spartanburg County
 James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2005-UP-351
Submitted May 1, 2005  Filed May 23, 2005

AFFIRMED

 
 
 
 C. Kevin Miller, of Spartanburg, for Appellant.
 Kenneth Philip Shabel, of Spartanburg, for Respondent.
 Stacey Campbell Davis, of Spartanburg, for Guardian Ad Litem.
 
 
 

PER CURIAM: The South Carolina Department of Social Services (DSS) commenced this action against Amanda Sisk a/k/a Amanda Hunter, Jeffrey Sisk, David Motts, and John Doe seeking to terminate their parental rights in and to three minor childrenAustin, Corey, and Destynie.  Jeffrey Sisk, the father of Austin and Corey, reached an agreement with DSS and was dismissed from the action.  Similarly, David Motts was dismissed after he submitted a paternity test that proved he was not Destynies father.  
The action preceded against Amanda Sisk and John Doe, the unknown father to Destynie.  Following a hearing, the family court issued an order terminating Amanda Sisks parental rights to all three children, and terminating John Does parental rights as to Desynie.  Specifically, the family court found termination was in the childrens best interests and articulated four grounds for termination: (1) the children were harmed and the home could not be made safe within 12 months; (2) willful failure to visit; (3) willful failure to support; and (4) the children have been in the care of the State for 15 of the most recent 22 months.  See S.C. Code Ann. § 20-7-1572 (Supp. 2004).  
After a thorough review of the record pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987), we affirm the family courts ruling and grant counsels petition to be relieved.  
AFFIRMED.[1]
ANDERSON, J., STILWELL, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.